Harris, J.
delivered the opinion of the Court.
The- complainant filed his bill in the Chancery Court at Tazewell, praying to have decreed to him a *261 legacy, to which he insists his intestate was entitled under the will of William Bullard, deceased. William Bullard died about the 26th June, 1852, having-first made and published his will, which was regularly probated. George B. Bullard, one of the sons of the testator, died intestate, and without issue, about one year after the death of his father. And complainant, as his administrator, claims that, under the 13th clause of said will, he is entitled to the legacy. Said clause reads as follows :
“ It is my desire, that my negroes — Henry, John, Will, Lurana, and Maria — be hired out by my executors, from time to time, for five years after my death, for the purpose of getting money enough to pay oif all my debts, defray expenses that may occur during the winding up of my estate, and to make up a sum for the payment of the money directed to be paid to any of the legatees; and my executors are to hire them out to the best advantage, to the interest of the heirs and my said estate, but to such persons as will treat them kindly and not abuse them, and this matter of hiring said slaves, the manner of doing it, and all about it, I leave to the discretion of my executors; and at the expiration of five years, it is my desire and direction, that my executors divide said negroes — Henry, John, Nelson, Will, Lurana, and Maria — equally amongst all my children; and in case any of my children should die before the time aforesaid, leaving lawful children, said last mentioned children shall take the shares of their parents in said negroes.”
The whole case depends upon the construction of *262 this clause in the will. For the complainants it is contended, that the testator intended at once to vest the legacy in each of his children which might be living at the time of his death, and merely postponed for five years, the time of dividing it; that it was not a contingent, but a vested legacy, the possession and enjoyment of which, only was postponed, and that upon the death of /the legatee, his personal representative was entitled to it. While, on the other hand, it is maintained, that it is a bequest to a class of persons without any specific designation by name, and the time of distribution is fixed at a subsequent period, and that, in all such cases, it is well settled, that the entire interest vests in such persons only as at that time fall within the description of persons constituting such class.
Without going into the subtleties involved in these questions, upon which we might find, perhaps, some conflict of authority, even in our own State, \ye think it clear that in this will it was the intention of the testator to give this property to his executors, for the purposes therein mentioned, for five years, and then to give it to such children as he might have living at that time; “ and in case any of (his) children should die before the time aforesaid, leaving lawful children, said last mentioned children shall take the shares of their parents in said negroes.”
Had the testator intended that the legacy should vest in such of his children as might be living at the time of his death, why insert this last clause, “If any of my children should die before the time aforesaid, *263 leaving lawful children, said last mentioned children shall take the shares of their’ parents in said negroes ?”
If the legacy had vested at the death of the testator as complainant insists it did, then if either of his children had died, having a vested right to the legacy, leaving children, they would have been entitled to the legacy of their parent as his distributees, without this last clause.
But, as we think, because he did not intend the legacy to vest until the expiration of the five years after his death, he thought proper to give it then, to such children as he might have living at that time.
And supposing that some of his children might die before that time, leaving lawful children, and knowing that the grand children would not be embraced by the term children, he thought proper to provide for such a contingency, and for that purpose inserted the last clause.
The great rule in the construction of wills, is, that the intention of the testator, ascertained from the particular words used, from the context, and from the general scope and purpose of the instrument, is to prevail and have effect.—Williams vs. Williams, 10 Yer., 20-29. To this rale, all others, except those founded upon public policy, and the necessity of sustaining established principles of law, are not only subordinate, but auxiliary.—Id. Henry vs. Hogan, 4 Hum., 210.; Thompson vs. McKisick, 3 Hum.
We are of opinion that, in this case, the legacy never vested in the intestate of complainant, that he is not entitled to the relief prayed for, that the bill was properly dismissed by the Chancellor, and affirm his decree.